## Shaffer's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ.

92

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Marie Theresa Lauria*, for exceptant; *Rowland C. Evans*, contra.

VAN DUSEN, J., June 1, 1934.—This is a proceeding against an alleged trustee of a trust inter vivos to compel the filing of an account. The jurisdiction of the court is denied, and the question is whether the respondent is such a trustee within the meaning of the Act of 1931.

The petitioner is the guardian of a minor, and his claim rests on the fact that the money which came into the respondent's hands was the money of the minor, which the respondent received as his attorney in a claim for personal injuries. The respondent says that the money remained in his hands under the terms of an agreement with the minor's father. If there is any trust in favor of the minor, it must arise by operation of law. It could not arise by agreement with the minor.

We agree entirely with the view that the accounts of an agent or a bailee or anyone but a true trustee are not within the act: In re Miller's Estate, 19 D. & C. 141. The expression "trust inter vivos" is capable of including all kinds of trusts except those created by testament. But when we read the words in the light of the history of our jurisdiction we cannot believe that this expression twas meant to give to this court concurrent jurisdiction with the common pleas over the whole subject of nontestamentary trusts. The orphans' court has

special experience in dealing with the problems that arise under wills; and deeds of trust, which are coming more and more into use, present much the same problems. Whether our jurisdiction is to be confined to trusts arising by deed or other written instrument inter vivos, it is not necessary to decide. We do think, however, that such jurisdiction is not to be extended to trusts which arise by operation of law.

Another branch of the argument on behalf of the petitioner suggests the thought that there may be jurisdiction in this court to direct the respondent to turn over the property of the minor in his possession under the doctrine of such cases as Jeffries' Estate, 16 D. & C. 808, and Gallagher's Estate, 109 Pa. Superior Ct. 304, and possibly also as an officer of the court. The case has not been presented in that aspect. The petition characterizes the respondent as a trustee and prays for an account, not for an order to pay.

The exceptions are dismissed, and the order of the hearing judge dismissing the petition is confirmed absolutely, but without prejudice to the presentation of a new petition to the end that further proceedings may be had not inconsistent with this opinion.